UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SYLVIA BARGE,

    Plaintiff,

v.                                                                                       4:12cv426-WS

FLORIDA COMMISSION ON HUMAN
RELATIONS, and LARRY KRANERT,
individually,

    Defendants.

_____

## ORDER DENYING LARRY KRANERT'S
## MOTION FOR SUMMARY JUDGMENT

Sylvia Barge is a former employee of the Florida Commission on Human Relations ("FCHR"). Barge sues Larry Kranert in his individual capacity, alleging that he was the decision-maker who terminated her employment with FCHR. Barge claims that Kranert fired her (1) based on her race in violation of 42 U.S.C. § 1981 (Count VIII) and the Equal Protection Clause (Count V), and (2) in retaliation for her voicing opposition to discrimination at FCHR in violation of 42 U.S.C. § 1981.

Before the court at this time is Kranert's motion for summary judgment.

Doc. 90. Barge has responded (doc. 115) in opposition to the motion, and the parties have been advised (doc. 135) that the motion would be taken under advisement as of a date certain.

Taking the evidence in the light most favorable to Barge, the court finds that there are genuine disputes as to the material facts which preclude a finding that Kranert is entitled to either qualified immunity or summary judgment.

Among other things, Kranert contends that he is entitled to qualified immunity as to all of Barge's claims because he purportedly was not the sole "decision maker" who terminated Barge. Kranert claims that Michelle Wilson, who—like Kranert—was a co-interim Executive Director at the time of Barge's termination, "participated" in the decision to fire Barge. On this record, however, a reasonable jury could decide that Kranert was the key decision-maker and that Wilson merely rubber-stamped Kranert's decision. Kranert's contention regarding his entitlement to qualified immunity is thus unavailing.

Kranert also contends that Barge's retaliation claim fails as a matter of law because Kranert purportedly did not know about Barge's whistleblower complaint at the time of Barge's termination. In fact, the timing of Kranert's knowledge about Barge's "whistleblower" letter to the Governor is disputed. Moreover, Kranert ignores the fact that Barge bases her retaliation claim not only on her

"whistleblower " letter to the Governor but also on her earlier internal complaints of discriminatory practices by Kranert.  Kranert's contention as to Barge's retaliation claim is thus unavailing.

Kranert's arguments regarding the purported legitimate reasons for Barge's termination are equally unavailing because, taking the evidence in the light most favorable to Barge, a reasonable jury could infer that Kranert's after-the-fact explanations for Barge's firing were pretextual *post hoc* rationalizations to cover up a discriminatory purpose.

Because Kranert has failed to establish that he is entitled to qualified immunity or judgment as a matter of law, it is ORDERED:

Kranert's motion for summary judgment (doc. 90) is DENIED.

DONE AND ORDERED this   6th   day of    March   , 2014.

s/ William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE